**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN ENGLERT, II,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | **CIVIL NO. 3:CV-12-2133** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **PA STATE ATTORNEY GENERAL,** | : | |
| | : | |
| **Respondent** | : | |

**M E M O R A N D U M**

## I.   Introduction

On July 15, 2010, the *pro se* petitioner, John Englert, II, pled *nolo contendere* in the Court of Common Pleas of Clinton County, Pennsylvania, to various charges, including homicide by watercraft while operating under the influence.  The charges arose from a fatal boating collision on the West Branch of the Susquehanna River in which a twelve-year-old girl died, and two other children were injured.

Mr. Englert has filed a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1, Pet., ECF p. 15.)  He claims both his plea and post-conviction counsel, were ineffective by "failing to examine the facts of this case, including expert accident reports that contend that the operator of the other boat displayed a careless disregard for boating regulations ... and the safety of others." (*Id.*, ECF p. 5.)  He also argues his due process rights were violated because he has "never had a fair and meaningful hearing on the merits" of his case.  (*Id.*, ECF p. 9.) Finally, he maintains his innocence asserting that the operator of the other

watercraft caused the collision by failing to adhere to the rules of the waterway.  (*Id.*, ECF p. 10.)

For the reasons that follow, the petition for writ of habeas corpus will be denied.  A certificate of appealability will not be issued.


## II.    Background

One day before the start of his criminal trial, Mr. Englert entered a plea of *nolo contendere*.[1]

> On July 15, 2010, [Mr. Englert], pursuant to a plea agreement, entered a plea of *nolo contendere* to homicide by watercraft while operating under the influence and related charges as a result of a fatal boat collision in which a twelve-year-old girl died, and two other children were injured.  In return for [Mr. Englert]'s plea, the Commonwealth withdrew in excess of thirty other charges, including involuntary manslaughter.  On July 29, 2010, the trial court sentenced [Mr. Englert] to an aggregate term of five to eleven years of imprisonment, as well a consecutive two-year probationary term. [Mr. Englert] did not file a direct appeal.

(Doc. 21-7, *Commonwealth v. Englert*, No. 1146 MDA 2011 (Pa. Super. Dec. 2, 2011)(slip op).)


### A.    Post-Conviction Proceedings

On January 12, 2011, Mr. Englert filed a *pro se* petition for post-conviction relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT.

---

[1]  The Court takes judicial notice of the docket sheet in Mr. Englert's criminal case, *Commonwealth v. Englert*, CP-18-CR-0000542-2009 (Clinton Cnty. Ct. Com. Pl.), which is viewable via the Pennsylvania's Judiciary Web Portal at http://ujsportal.pacourts.us/.

Ann. §§ 9541, *et seq.*  (Doc. 21-3, PCRA Pet.)  His sole claim for relief was based on "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced."  (*Id.*, ECF p. 2.)  Specifically, Mr. Englert claimed that the "rules of the intercoastal waterways" confirm that his "boat was always where it was supposed to be" as provided for in the Boating and Waterway regulations and rules, and if the other operator "could say the same for his boat", the accident would not have happened.  (*Id.*, ECF p. 3.)  He states this "new" information was made known to him "by family, friends with more boating experience[;] PFBA Saf[e]ty course[;] Paul Ryan - Lawyer[; and] Miles Beam - boat accident reconstruction specialist[.]"  (*Id.*, ECF p. 3.)  He advises that Attorney "Paul Ryan has supporting evidence."[2]  (*Id.*, ECF p. 4.)

The PCRA court appointed Attorney David A. Strouse to assist Mr. Englert.  (Doc. 21-7, ECF p. 2.)  In lieu of filing an amended PCRA petition, Attorney Strouse filed a no-merit letter and requested to withdraw pursuant to the dictates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Attorney Strouse undertook the following investigation prior to reaching his decision not to file an amended petition.  He

> [r]eviewed the file contents in the Prothonotary's office, reviewed the docket entries, met with and discussed the case with John E. Englert at the State Correctional

---

[2] Attorney Paul Ryan represented Mr. Englert at the time of the entry of his *nolo contendere* plea before the sentencing court.  (Doc. 1, Pet., ECF p. 13.)

-3-

> Institution in Albion, spoke with Mr. Englert's previous counsel, Paul J. Ryan, Esquire, researched Post Conviction Relief Act issues, researched Pennsylvania Sentencing Guidelines and procedure, reviewed notes of the July 15, 2010 proceedings at which time John E. Englert entered pleas of *nolo contendre*, reviewed the July 29, 2010 transcript of proceedings for John E. Englert's sentencing.

(Doc. 21-6, No Merit Letter/Motion for Leave to Withdraw, ECF p. 46.)  Based on this review he did not believe the sole claim raised by Mr. Englert in his *pro se* PCRA petition had any merit.  (*Id.*)  He observed that Mr. Englert's decision to plead *nolo contendere* was made at a time when

> the boating rules and regulations promulgated by the Fish and Boat Commission [were] published and available to the public.  In fact, they are some of the very rules and regulations with which Petitioner was accused of violating in the criminal complaint and Information filed against him in this case.  The expert report of defense expert Miles Beam was also available to Petition prior to the entry of his plea, as the final draft of the report was completed on June 23, 2010, and provided to Petitioner and his counsel.  Petitioner had the opportunity to review drafts of Beam's reconstruction report in the weeks leading up to June 23, 2010, which included a description of the incident which supported Petitioner's argument that he was operating his boat in accordance with the boating rules and regulations.

(*Id.*, ECF p. 48.)  Attorney Strouse determined that given the information available to Mr. Englert at the time of entering his *nolo contendere* plea, he would not be able to prove by a preponderance of the evidence that the boating rules and regulations, or the findings of the expert's report, were discovered after he entered his plea and could not have been obtained earlier through reasonable diligence.  (*Id.*, ECF p. 41, 46 - 48.)  Nonetheless, Attorney Strouse "researched other possible avenues to establish a claim for post conviction relief and [was] unable to state a claim for any

-4-

reason which would entitled Petitioner to relief." (*Id.*, ECF p. 46.)  He determined

that in light of Mr. Englert's plea, the only other possible claim Mr. Englert could (but

did not) present in his PCRA petition, was

> that Petitioner's plea was induced as a result of the
> ineffective assistance of counsel.  Specifically, with the
> existence of evidence that would support Petitioner's claim
> of innocence, was counsel ineffective in his representation
> of Petitioner in the pretrial process and in contemplation of
> his plea?

(*Id.*, ECF p. 48.)   Attorney Strouse reviewed Attorney Ryan's efforts in representing

Mr. Englert which included researching and securing a boat accident reconstruction

specialist, preparing and filing various pretrial motions including the successful

suppression of a portion of Mr. Englert's statements to law enforcement, his pre-

plea discussions with Mr. Englert concerning the maximum sentence ranges he

faced if he entered a plea, and his trial preparations if Mr. Englert did not accept the

plea.  This information combined with Mr. Englert's professed satisfaction with

Attorney Ryan's trial preparation, planned defense strategy, and overall

representation at the time he entered his plea,[3] precluded the pursuit of a claim that

Attorney Ryan's performance was deficient or that he coerced Mr. Englert into

accepting a plea, or that his plea of *nolo contendere* was involuntary.  (*Id.*, ECF pp.

48 - 51.)

Finally, with respect to Mr. Englert's claim of actual innocence, Attorney

Strouse found that:

---

[3] *See* Doc. 21-1, Mr. Englert's Guilty Plea Statement.

> the expert report and drafts prepared by defense expert, Miles Beam, do not completely exculpate Petitioner in the accident.  Notably, Mr. Beam opined that Petitioner did act improperly, to an extent, in operating his boat just prior to the collision.  Beam was unable to discern what level of control Petitioner was able to exhibit at the time due to his blood alcohol level.  Clearly, had Petitioner proceeded to trial, he faced possible conviction of a wide range of offenses even if the jury chose to accept Mr. Beam's expert testimony as credible.

(*Id.*, ECF pp. 49 - 50.)  Based on the absence of any presented, or foreseeable, meritorious PCRA claim, Attorney Strouse asked for leave to withdraw as Mr. Englert's counsel.

On May 23, 2011, the PCRA court held an evidentiary hearing at which both Mr. Englert and his plea counsel, Attorney Ryan, testified.  (Doc. 21-6, PCRA Hearing Tr., ECF pp. 13 - 31.)  At the conclusion of the hearing, the PCRA court entered an order dismissing Mr. Englert's PCRA petition and permitting Attorney Strouse to withdraw.  (Doc. 21-4.)  The PCRA court held that:

> At today's hearing Defendant reiterated his contention that the "rules of the road" with regard to boating were well known to him prior to the entry of his plea and that he had reviewed with his Trial Counsel the expert report prepared for the Commonwealth and the report from the expert retained by him.  Defendant had no complaint concerning the conduct of his Trial Attorney.
>
> While Defendant alleges the unavailability of exculpatory evidence that has subsequently become available, in fact, all evidence upon which he relies today was available to him prior to his plea.  Defendant's decision to enter a plea of nolo contendere after extensive contact with Trial Counsel was knowing, voluntary, and intelligent.

(*Id.*, ECF p. 2.)  Mr. Englert then filed a *pro se* appeal.

On appeal, Mr. Englert raised the five following issues:

-6-

1.   Whether PCRA counsel, David A. Strouse, Public
Defender of Clinton County, has relied upon
Defendant/Appellant's lack of ability to legally assert claims
in a pro-se petition as the means to withdraw under a 'no
merit letter' rather than amend the original petition.

2.   Whether above named counsel failed, by his own
admission, to examine those Boating and Waterway
regulation and rules that directly effect this case or the
discovery in this instant case.

3. Whether the above named counsel, despite being given
the "mirror" case of *Com. v. Moyer*, 684 A.2d 42 [Pa.
Super. 1994)], failed to utilize this and other information in
the development of an actual innocence (or any other),
claim cogent to relief.

4. Whether above named counsel's performance fell below
the standard of meaningful and effective assistance of
petitioner['s] first PCRA.

5.   Whether above named counsel failed or simply ignored
pertinent facts of suppression in this case, is the fact that
the defendant was found to be consuming alcohol in the
presence of officers prior to testing for alcohol taints the
result of those tests to the point of being unreliable as
evidence and should have been suppressed where alcohol
was not a contributing factor to accidental death.

(Doc. 21-5, Mr. Englert's PCRA Appellate Br., ECF p. 8; *see also* Doc. 21-7,

*Commonwealth v. Englert*, No. 1146 MDA 2011 (Pa. Super. Dec. 2, 2011), ECF pp.

2-3.)

On December 2, 2011, the Superior Court of Pennsylvania affirmed the

PCRA court's order denying Mr. Englert post-conviction relief.  (Doc. 21-7.)  In doing

so, the superior court addressed Mr. Englert's claim that his post-plea access to,

and reading of, the Boating and Waterway regulations and rules constituted "newly-

discovered evidence."  (Doc. 21-7, ECF p. 5.)  It then resolved Mr. Englert's five

appellate claims together as "the essence" of each was that his PCRA counsel was ineffective.  (Doc. 21-7, ECF p. 3.)  The superior court held that because the PCRA court found Attorney Strouse's statement in his no-merit-letter that he had reviewed the Boating and Waterway regulations to be credible, any ineffectiveness claim based on this issue was without merit as such credibility determinations are not subject to review on appeal.  (*Id*.)  Further, to the extent Mr. Englert argued that his plea counsel induced him to enter his *nolo contendere* plea without discussing what that meant, the court dismissed this claim citing Mr. Englert's favorable PCRA testimony concerning Attorney Ryan[4] and "the detailed written plea colloquy signed by [Mr. Englert]."  (*Id*.; *see also* Doc. 21-1, Guilty Plea Statement.)  The court also held that because Mr. Englert never challenged the validity of his *nolo contendere* plea, his "remaining claims on appeal [were] unavailing."  (*Id*., ECF p. 6.)   The superior court found that by entering a plea of *nolo contendere*, Mr. Englert waived any argument concerning the suppression of evidence.  (Doc. 21-7, ECF p. 8.)

The Pennsylvania Supreme Court denied Mr. Englert's petition for allowance of appeal.  *See* Doc. 21-9, *Commonwealth v. Englert*, No. 82 MAL 2012 (Pa. May 23, 2012).  Mr. Englert did not file a petition for writ of certiorari in the United States Supreme Court.

---

[4]     Q: Did Mr. Ryan do the things that you asked him to do in preparation for trial?

        A: I believe so.  I believe Paul is a real good lawyer.

(Doc. 21-6, PCRA Hearing Tr., ECF p. 20.)

### B.   Federal Habeas Proceedings

On October 21, 2012, Mr. Englert filed the instant petition for writ of habeas corpus in which he alleges four grounds for relief.  (Doc. 1, Pet.)  Those grounds for relief are set forth as follows:

> 1.   Both trial and PCRA counsel provided ineffective assistance in the failure to examine the facts of this case, i.e. — the expert accident reports contend, scientifically, that the operator of the other boat displayed careless disregard for boating regulations, his own safety and the safety of others.
>
> 2.  The higher courts pre-*Martinez v. Ryan*, 2012 failed to consider on the record addmittance (sic) of trial counsels (sic) ineffectiveness.
>
> 3.   Denial of Due Process.   Despite constitutional guarntees (sic), petitioner never had a fair and meaningful hearing on the merits of the case.   Herein, petitioner provides indisputable proof on record that preconceived notions of guilt motivated prejudicial determinations by the court officials.
>
> 4.  Even a cursory lookk (sic) at expert accident reports that the accident was caused by the careless disregard of the other operator, petitioner had [no] other choice but to swing left in an effort to avoid a full head on collison (sic) where the operator lurched into his path while observing a tow a water skier, before determining his own path. (sic)

(*Id*., ECF pp. 5 - 10.)  Respondent filed a response on April 3, 2013.  (Doc. 10.)  Mr. Englert filed a reply on April 17, 2013.  (Doc. 11.)  Thus, Mr. Englert's petition for writ of habeas corpus is ripe for disposition.

### III.     Standards of Review

A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439  (1973).  As Petitioner's conviction became final after 1996, his case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, April 24, 1996 (AEDPA).  Habeas relief is only available on the grounds that a petitioner's judgment of sentence or confinement violates federal law.  28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 5, 131 S.Ct. 13, 16, 178 L.Ed.2d 276 (2010) (*per curiam*).  State law claims are not remediable on federal habeas review, even if state law was erroneously interpreted or applied.  *See Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011) (citations omitted); *see also Glenn v. Wynder,* 743 F.3d 402, 407 (3d Cir. 2014)(quoting *Estelle v. McGuire*, 502 U.S. 62, 67 - 68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."))

A person in custody pursuant to a judgment of a state court must generally meet three requirements to obtain habeas relief; (1) exhaustion; (2) lack of a procedural bar; and (3) satisfaction of the deferential standard of review set forth in the AEDPA.

### A.     Exhaustion and Procedural Default

Pursuant to the exhaustion rule, codified at 28 U.S.C. § 2254(b)(1)(A), a federal district court may not grant a habeas petition filed on behalf of "a person in custody pursuant to the judgment of a [s]tate court" unless "the applicant has exhausted the remedies available in the courts of the [s]tate" before raising them in a federal habeas corpus action.[5]  28 U.S.C. § 2254(b)(1)(A); *Harrington v. Richter*, 562 U.S. 86, 103, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011); *Munchinski v. Wilson*, 694 F.3d 308, 332 (3d Cir. 2012).  The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

To exhaust all remedies for a claim under 28 U.S.C. § 2254, a habeas petitioner must give state courts a full and fair opportunity to resolve all federal "constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999).  A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts.  To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010)

---

[5]  However, because non-exhaustion is not jurisdictional, "28 U.S.C. § 2254(b)(2) allows for the rejection of non-meritorious claims on the merits regardless of exhaustion". *McLaughlin v. Shannon*, 454 F. App'x 83, 86 (3d Cir. 2011)(citing *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005)).

(citations and internal quotation marks omitted).   "[A] state habeas petitioner must present the 'substantial equivalent' of his federal claim to the state courts in order to give the state courts 'an opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 543 (3d Cir. 2014) (quoting *Picard v. Connor*, 404 U.S. 270, 277 - 78, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)).

A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).[6]  The petitioner has the burden of establishing that the exhaustion requirement has been met.  *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005).

> Procedural default occurs when a claim has not been fairly presented to the state courts (i.e., is unexhausted) and there are no additional state remedies available to pursue, *see Wenger v. Frank*, 266 F.3d 218, 223 - 24 (3d Cir. 2001); or, when an issue is properly asserted in the state court system but not addressed on the merits because of an independent and adequate state procedural rule, *see McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999).

*Rolan v. Coleman*, 680 F.3d 311, 317 (2012).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either: (1) "cause" for the procedural default and

---

[6]  Pursuant to Pennsylvania Supreme Court Order 218, effective May 9, 2000, issues presented to the County Common Pleas Court and then the Pennsylvania Superior Court either on direct or PCRA appeal, are considered exhausted for the purpose of federal habeas corpus relief under § 2254.  *See In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218, Judicial Administration Docket No. 1 (May 5, 2000) (*per curiam*); *see also Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

"actual prejudice" as a result of the alleged violation of federal law;[7] or (2) failure to

consider the claims will result in a "fundamental miscarriage of justice." *Edwards v.

Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518 (2000);

*Wenger v. Frank*, 266 F.3d 218, 223-224 (3d Cir. 2001). To establish "cause," a

petitioner must establish that "some objective factor external to the defense" that

impeded his ability to raise the claim in state court. *Murray v. Carrier*, 477 U.S. 478,

488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

Procedural default may also be excused if a petitioner "can demonstrate a

sufficient probability that [the federal court's] failure to review his federal claim will

result in a fundamental miscarriage of justice." *Edwards*, 529 U.S. at 451, 120 S.Ct.

at 1591. Under this narrow exception, a habeas applicant must establish that "a

constitutional violation has resulted in the conviction of one who is actually innocent

of the crime." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d

808 (1995). The fundamental miscarriage of justice exception is confined to cases

of actual innocence as compared to legal innocence, where the petitioner can show

that it is more likely than not that no reasonable juror would have found him guilty

beyond a reasonable doubt in light of new evidence. *See McQuiggin v. Perkins*, ___

U.S. ___, ____, 133 S.Ct. 1924, 1931 - 32, 185 L.Ed.2d 1019 (2013). "[A] petitioner

asserting actual innocence . . . must rely on 'reliable evidence - whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

---

[7] Where petitioner fails to establish cause, the court need not reach the prejudice prong of the claim before denying it. *See Smith v. Murray*, 477 U.S. 527, 533, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986).

evidence'" not presented at trial. *Munchinski v. Wilson*, 694 F.3d 308, 337-38 (3d Cir. 2012)(citing *Schlup*, 513 U.S. at 324, 115 S.Ct. at 865). This standard "does not require absolute certainty about petitioner's guilt or innocence", but it permits review only in the "extraordinary case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006) (citing *Schlup*, 513 U.S. at 327, 115 S.Ct. at 867).

There exists a very narrowly carved exception to the procedural default rule. While under *Coleman*, 501 U.S. at 752-53, 111 S.Ct. at 2566, the United States Supreme Court held that an attorney's negligence in a post-conviction proceeding does not create "cause" for excusing procedural default, it has recently recognized a limited exception to this rule in *Martinez v. Ryan*, ____ U.S. ____, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) and *Trevino v. Thaler*, ____ U.S. ____, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013). The Supreme Court's rulings in *Martinez* and *Trevino* held that, under some circumstances, ineffective assistance of counsel can provide cause to excuse procedural default. To emphasize the limited application of this exception, the Supreme Court specifically directed that it "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id.* at ____, 132 S.Ct. at 1320. In *Martinez*, the Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral

> proceeding, there was no counsel or counsel in that
> proceeding was ineffective.

*Martinez*, ___ U.S. at ___, 132 S.Ct. at 1320; *see also Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014).  The Supreme Court subsequently expanded the *Martinez* exception in *Trevino*, holding that where a "state['s] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal, [the] holding in *Martinez* applies."  *Trevino*, ___ U.S. at ___, 133 S.Ct. at 1921.

In order to establish "cause," the petitioner must show that collateral appeal counsel was not appointed or was ineffective under the standard set forth in *Strickland,* 466 U.S. 668, 695, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984). *Martinez*, ___ U.S. at ___, 132 S.Ct. at 1318.  To overcome the default of a claim of trial counsel ineffectiveness by alleging post-conviction counsel's ineffectiveness under *Martinez*, a habeas petitioner must establish that post-conviction counsel's course of conduct fails to satisfy the *Strickland* standard.  *Id*.  In other words, the petitioner must establish that post-conviction counsel's course of conduct was such that no competent attorney would have followed it, and that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  Further, petitioner must also demonstrate that the underlying ineffectiveness of trial counsel claim is "substantial," meaning that the underlying claim "has some merit."  *Martinez*, ____ U.S. at ____, 132 S.Ct. at 1318 - 19.

**B.      The AEDPA's Deferential Standard of Review**

The AEDPA specifies that the standard of review applicable to a particular claim depends on how that claim was resolved by the state courts.  *Breakiron v. Horn*, 642 F.3d 126, 131 - 32 (3d Cir. 2011).   The AEDPA standard of review applies only to claims that were adjudicated on the merits in state court.  *Hairston v. Hendricks*, 578 F. App'x 122, 126 (3d Cir. 2014); 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).[8]

Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2); *see also Woods v. Donald*, ____ U.S. ____, ____, 135 S.Ct. 1372, 1376, ____ L.Ed.2d ____ (2015).  The "contrary to" and "unreasonable application" clauses of section 2254(d)(1) have independent meaning.  *Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002).

The AEDPA standard under § 2254(d) is a "difficult" test to meet and is a "highly deferential standard for evaluating state-court rulings, which demands that

---

[8]  "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with *res judicata* effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground*." Rompilla v. Horn*, 355 F.3d 233, 247 (3d Cir. 2004), *rev'd on other grounds*, *Rompilla v. Horn*, 545 U.S. 374, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005).   Further, an "adjudication of the merits" can occur at any level of state court.  *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009).

state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, ____

U.S. ____, ____, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).  The petitioner

carries the burden of proof with respect to review under § 2254(d)(1).  "[R]eview

under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court

that adjudicated the claim on the merits."  *Id.* at ____,  131 S.Ct. at 1398; *see also*

*Rapelje v. McClellan*, ____ U.S. ____, ____, 134 S.Ct. 399, 400, 187 L.Ed.2d 442

(2013).  When "considering a § 2254 petition, the court reviews the 'last reasoned

decision' of the state courts on the petitioner's claims."  *Simmons v. Beard*, 590 F.3d

233, 232 (3d Cir. 2009) (quoting *Bond v. Beard*, 539 F.3d 256, 289-90 (3d Cir.

2008).)

    For purposes of § 2254(d)(1), "a federal habeas court may not issue the writ

simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or

incorrectly."  *Williams*, 529 U.S. at 411, 120 S.Ct. at 1522.  Rather,

> an "unreasonable application of" [Supreme Court] holdings
> must be "'objectively unreasonable,'" not merely wrong;
> even "clear error" will not suffice. *Lockyer v. Andrade*, 538
> U.S. 63, 75–76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).
> Rather, "[a]s a condition for obtaining habeas corpus from
> a federal court, a state prisoner must show that the state
> court's ruling on the claim being presented in federal court
> was so lacking in justification that there was an error well
> understood and comprehended in existing law beyond any
> possibility for fairminded disagreement." *Harrington v.*
> *Richter*, 562 U.S. ____, ____, 131 S.Ct. 770, 786–787, 178
> L.Ed.2d 624 (2011).

*Woodall*, ____ U.S. at ____, 134 S.Ct. at 1702.  "If this standard is difficult to meet,

that is because it was meant to be."  *Richter*, 562 U.S. at ____, 131 S.Ct. at 786.

Turning to § 2254(d)(2), the test for the "unreasonable determination of facts" clause is whether the petitioner has demonstrated by "clear and convincing evidence," § 2254(e)(1), that the state court's determination of the facts was unreasonable in light of the record. *Rountree v. Balicki*, 640 F.3d 530, 537 (3d Cir. 2011) (citing *Rice v. Collins*, 546 U.S. 333, 338 - 339, 126 S.Ct. 969, 974, 163 L.Ed.2d 824 (2006) ("State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'") (quoting § 2254(e)(1)) (citing *Miller–El v. Dretke*, 545 U.S. 231, 240, 125 S.Ct. 2317, 2325, 162 L.Ed.2d 196 (2005)); *see also Simmons*, 590 F.3d at 231 ("Under the § 2254 standard, a district court is bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence."). Further, as with § 2254(d)(1), the evidence against which a federal court measures the reasonableness of the state court's factual findings is the record evidence at the time of the state court's adjudication. *Rountree*, 640 F.3d at 538 (citing *Cullen*, ____ U.S. at ____, 131 S.Ct. at 1401-03).

The Third Circuit Court of Appeals has developed a two-step inquiry for reviewing a § 2254 petition. As noted above, the court must first identify the applicable Supreme Court precedent. *Outten v. Kearney*, 464 F.3d 401, 413 (3d Cir. 2006). The petitioner must show that the Supreme Court precedent requires the opposite result, not merely that his interpretation is more plausible than that of the state court. *Id*. Second, the federal habeas court must objectively evaluate

-18-

whether the state court decision was an unreasonable application of Supreme Court

precedent.  *Id*., 464 F.3d at 414 (citing *Werts*, *supra*).  The district court cannot grant

relief simply because "we disagree with the state court's decision or because we

would have reached a different result."  *Id*.  The court may only grant relief if "the

state court decision, evaluated objectively and on the merits, resulted in an outcome

that cannot reasonably be justified under existing Supreme Court precedent."  *Id*.

(quoting *Hackett v. Price*, 381 F.3d 281, 287 (3d Cir. 2004)).


###        C.       Ineffective Assistance of Counsel Standard

        Because several of Mr. Englert's habeas claims raise the issue of whether his

plea and/or PCRA counsel were ineffective, the court will set forth the applicable

standard here.

        The Sixth Amendment to the United States Constitution guarantees a

criminal defendant the right to the effective assistance of counsel.  U.S. Const.

amend. VI.  "*Strickland v. Washington* supplies the standard for addressing a claim

of ineffective assistance of counsel."  *United States v. Myers*, 365 F. App'x 769, 770

(3d Cir. 2010).

> To prove ineffective assistance of counsel under *Strickland
> v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d
> 674 (1984), [Petitioner] must prove (1) that his trial
> counsel's performance was "deficient, that is, it fell below
> an objective standard of reasonableness," and (2) "that
> counsel's deficient performance prejudiced" him, *i.e.*, that
> "there is a reasonable probability that, but for counsel's
> unprofessional errors, the result of the proceeding would
> have been different."  *Albrecht v. Horn*, 485 F.3d 103, 127
> (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 689 - 92, 104

>S.Ct. 2052 (1984)).  We have previously referred to these
>as the "performance" and "prejudice" prongs of the
>*Strickland* test.  *See, e.g.*, *United States v. Booth*, 432 F.3d
>542, 546 (3d Cir. 2005).

*Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014).

In determining whether counsel has met the objective standard of reasonableness, courts must be highly deferential towards trial counsel's conduct. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2065.  "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  There is a 'strong presumption' that counsel's performance was reasonable."  *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001) (alteration in original) (citations and quotations omitted).  Counsel cannot be deemed ineffective for failing to raise a meritless claim.  *See United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).  To satisfy the prejudice prong, a petitioner must show a reasonable probability that, but for the errors of counsel, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 693, 104 S.Ct. 2068.

The two-prong test for ineffective assistance of counsel established in *Strickland* "qualifies as 'clearly established Federal law'" for purposes of AEDPA. *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (quoting *Williams*, 529 U.S. 362

at 391).[9]  Thus, under § 2254(d)(1)-(2), the relevant inquiry in assessing

ineffectiveness claims that have been adjudicated on the merits is whether the state

court's decision involved an unreasonable application of *Strickland* or is based on an

unreasonable determination of the facts.  *Jacobs v. Horn*, 395 F.3d 92, 107 n.9 (3d

Cir. 2005); *Werts*, 228 F.3d at 204.  In conducting this analysis, the court is

cognizant that:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," [*Strickland*, 466 U.S.] at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and when the two apply in tandem, review is "doubly" so, [*Knowles v. Mirzayance*, 556 U.S. 111 (2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  556 U.S. at 123-25.

*Harrington*, 131 S. Ct. at 788, 131 S.Ct. at 105; *see also Knowles*, 556 U.S. at 123,

129 S.Ct. at 1420 ("[B]ecause the *Strickland* standard is a general standard, a state

court has even more latitude to reasonably determine that a defendant has not

satisfied that standard." (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124

S.Ct. 2140, 2149, 158 L.Ed.2d 938 (2004)).

---

[9]   Pennsylvania applies the same test for ineffective assistance of counsel as the federal courts.  *Werts*, 228 F.3d at 203.  In Pennsylvania, the ineffective assistance of counsel standard requires the petitioner to "rebut the presumption of professional competence" by demonstrating: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interest; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Sneed*, 899 A.2d 1067, 1076 (Pa. 2006) (citing *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001)).  If the petitioner fails to satisfy any of the standard's prongs, the claim will be rejected.  *Id.*

Finally, the reviewing court must evaluate counsel's performance in light of the totality of the evidence. *Strickland*, 466 U.S. at 695-96, 104 S.Ct. at 2069; *see also Jacobs*, 395 F.3d at 106-07. It is the petitioner's burden to establish both deficient performance and resulting prejudice in order to state an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069; *see also Jacobs*, 395 F.3d at 102.

## IV.    Discussion

A liberal reading of Mr. Englert's petition leads the court to conclude that Mr. Englert is not specifically challenging his conviction and sentence. Rather, it appears that he is challenging PCRA counsel's performance, wishes to revoke his *nolo contendere* plea, and is asserting a claim of actual innocence based on his expert's report which suggest the operator of the other boat was at fault for the fatal accident.

Given Mr. Englert's *pro se* status before the court, and in effort to simplify the court's review of the claims presented, the court will first examine the claims Mr. Englert exhausted, and then, address those that are procedurally defaulted.

### A.    Procedurally Exhausted Claims

As Mr. Englert did not file a direct appeal, only claims properly presented to the Pennsylvania Superior Court in Mr. Englert's PCRA appeal are exhausted. As previously noted, the only issue raised in Mr. Englert's *pro se* PCRA petition was his

alleged post-plea discovery of exculpatory evidence, i.e., the Boating and Waterway regulations and rules and the findings of his expert's report.  On appeal he raised four claims related to PCRA counsel's alleged ineffectiveness.  *See* Doc. 21-7.  The superior court addressed both his original claim and his ineffective assistance of PCRA counsel claims, finding them all without merit.  *See* Doc. 21-7.  Thus, these claims are exhausted.

First, the court will collectively address Mr. Englert's ineffective assistance of PCRA counsel claims as they do not present a cognizable habeas claim.  A state criminal defendant has a Sixth Amendment right to counsel on direct appeal, but the Supreme Court has not held that a criminal defendant has a right to any counsel on state court collateral review.  *See Finley*, 481 U.S. at 555, 107 S.Ct. at 1993 ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").  As a result, the general rule is that where there is no constitutional right to counsel there can be no ineffective assistance of counsel claim.  *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991); *see also* 28 U.S.C. § 2254(i).[10]  Accordingly, the claims Mr. Englert presented in his PCRA appeal concerning his PCRA counsel's alleged ineffectiveness, which were addressed and rejected by the superior court, are nonetheless non-cognizable claims under section 2254.

---

[10]    The ineffectiveness or incompetence of counsel during Federal of State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

28 U.S.C. § 2254(i).

With respect to Mr. Englert's claim of newly discovered evidence, the trial court, acting as the PCRA court, denied relief on this claim based on his PCRA hearing testimony that all of the alleged unavailable exculpatory evidence was available to him prior to his plea "and that he had reviewed with his trial counsel the expert report prepared for the Commonwealth and the report from the expert retained by him.  Defendant had no complaint concerning the conduct of his Trial Attorney."  (*See* Doc. 21-4.)  On appeal, the superior court analyzed Mr. Englert's claim of newly discovered evidence pursuant to *Commonwealth v. D'Amato*, 856 A.2d 806, 823 (Pa. 2004) (citation omitted).

> To obtain relief based upon newly discovered evidence under the PCRA, a petition must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different result.

(*Id.*)  In affirming the denial of PCRA relief, the superior court held that Mr. Englert

> testified that the 'newly-discovered evidence' to support his PCRA claim involved his reading of the Boating and Waterway regulations and rules while incarcerated. According to Appellant's interpretation, the other boater was at fault for causing the fatal boat collision.  Appellant conceded, however, that he had access to these rules and regulations, as well as to expert reports from the Commonwealth and a defense expert at the time he entered his *nolo contendere* plea.  Accordingly, Appellant's claim does not meet the factors discussed in *D'Amato, supra*.

(Doc. 21-7, ECF p. 5.)  Federal courts are bound by such state court factual determinations.  *See* 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed to be correct" absent clear and convincing

evidence to the contrary).  This court's review of the PCRA hearing transcript

confirms that Mr. Englert admitted to reading the Commonwealth's expert report, his

expert's report, and had knowledge of the boating rules prior to accepting the *nolo*

*contendere* plea.  *See* Doc. 21-6, ECF pp. 17-19 and ECF pp. 22-24.  Because the

state courts found that the factual predicate of Mr. Englert's claim was known to him

prior to entering his plea, which is wholly supported by the PCRA transcript,

combined with Mr. Englert's failure to rebut the presumption of correctness of the

state court's findings by clear and convincing evidence, he is not entitled to habeas

relief on this claim.


**B.      Procedurally Defaulted Claims**

**(i)      Alleged Ineffectiveness of Trial/Plea Counsel.**

Liberally construed, Mr. Englert's first and second habeas claims argue that

his plea counsel: (1) was ineffective for failing to adequately prepare, investigate

and use available evidence in his defense; and (2) that counsel's ineffectiveness led

to an involuntary *nolo contendere* plea.  Mr. Englert did not raise these claims before

the state court in his *pro se* PCRA Petition.  As Respondent suggests, these claims

are procedurally defaulted.

This court cannot consider these claims unless Mr. Englert establishes cause

and prejudice or a fundamental miscarriage of justice sufficient to excuse the

defaults.  Because Mr. Englert asserts his PCRA counsel provided ineffective

assistance when he failed to include claims of trial counsel's ineffectiveness, the

court will consider Mr. Englert to be arguing "cause" to excuse his default under *Martinez, supra*.  (*See* Doc. 1, Pet.)

Here, Mr. Englert claims of ineffective assistance of plea counsel are not substantial as they are without merit.  First with respect to Attorney Ryan's alleged failure to properly investigate his case, Mr. Englert does not suggest what additional evidence might have been uncovered if Attorney Ryan had performed further investigation, or how such evidence might have aided his case.  According to Mr. Englert's PCRA testimony, he was aware of Attorney Ryan's defense preparations and thought he was a good lawyer.  Mr. Englert conceded that Attorney Ryan discussed strategy and shared discovery with him.  He knew Attorney Ryan secured an expert to evaluate and counter the Commonwealth's accident reconstruction expert's report.  (Doc. 21-6, ECF p. 28.)  Mr. Englert reviewed his expert report and was familiar with its findings.  Attorney Ryan also hired a toxicologist consultant to identify the most effective way to address Mr. Englert's elevated blood alcohol level at the time of the accident.  (*Id.*, ECF p. 31.)  According to Mr. Englert, Attorney Ryan did the things he asked him to in preparation for trial.  (Doc. 21-6, ECF p. 20.)  Thus, as Mr. Englert does not suggest what additional investigation his trial counsel should have undertaken or what prejudice he suffered as a result of the lack of discovery of the same, this claim is without merit.

Next, with respect to Mr. Englert's claim that his plea was entered into neither knowingly nor voluntarily due to Attorney Ryan's ineffectiveness, this claim also fails as it without merit.  The *Strickland* standards apply to claims of ineffective assistance of counsel involving counsel's advice offered during the plea bargain

process.  *Missouri v. Frye,* ____ U.S. ____, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012).

"The longstanding test for determining the validity of a guilty plea is 'whether the

plea represents a voluntary and intelligent choice among the alternative courses of

action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56, 106. S.Ct. 366,

369, 88 L.Ed.2d 203 (1985) (citations omitted).  If counsel has erroneously advised

a defendant about the law during a plea negotiation, or improperly coerced a

defendant to accept a plea bargain, counsel's performance may be found deficient.

*See Lafler v. Cooper*, ____ U.S. ____, ____, 132 S.Ct. 1375, 1384, 182 L.Ed.2d 398

(2012) (counsel's erroneous legal advice about possibility of conviction that led to

rejection of plea offer constituted deficient performance).  "If a plea bargain has

been offered, a defendant has the right to effective assistance of counsel in

considering whether to accept it." *Id.* at ____, 132 S.Ct. at 1387.  Thus, there is no

violation of the Constitution when a guilty plea results from an intelligent act done

with sufficient awareness of the relevant circumstances and likely consequences.

*McMann v. Richardson*, 397 U.S. 759, 766, 90 S.Ct. 1441, 1447, 25 L.Ed.2d 763

(1970).  To be entitled to relief, a defendant must "prove serious dereliction on the

part of counsel sufficient to show that his plea was not, after all, a knowing and

intelligent act." *Id*. at 774, 90 S.Ct. at 1450.

  Here, Mr. Englert argues that he received ineffective assistance during the

plea negotiations, specifically, he argues that his trial counsel, Attorney Ryan,

erroneously advised him of the meaning of a *nolo contendere* plea.  The superior

court while addressing Mr. Englert's contention of PCRA counsel ineffectiveness,

held:

> Moreover, Appellant expressly conceded that despite the existence of the boating regulations and rules, he still chose to enter a *nolo contendere* plea. Importantly, Appellant never contended that the entry of his plea was unknowing, unintelligently or involuntarily entered because of the ineffective assistance of trial counsel. For his part, trial counsel testified that he explained why, given the other charges that Appellant would be facing should he go to trial, Appellant's sentence could have been greater than the five-year minimum contemplated by the plea agreement. *See* N.T., 5/23/11, at 14-21. Trial counsel thus advised Appellant to enter the *nolo contendere* plea as a means to minimize his term of imprisonment. *Id.*
>
> . . .
>
> Although Appellant asserts within his brief that trial counsel induced him to enter his *nolo contendere* plea and never discussed with him what "nolo contendere" meant, these claims are refuted by the detailed written plea colloquy signed by Appellant. *See Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003) (explaining that a defendant who elects to plead guilty has a duty to answer questions truthfully; a defendant cannot postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.
>
> . . .
>
> In sum, Appellant has not met his burden of establishing that PCRA counsel was ineffective.

(Doc. 21-7, ECF pp. 5-6.) This court's review of the Guilty Plea Statement, the

sentencing hearing, and the PCRA hearing transcript, clearly show that Mr. Englert

was fully aware of the ramifications of entering his plea, and that it was voluntarily,

intelligently and knowingly made. This includes his waiver of his right to a jury trial.

(*See* Doc. 21-2, Guilty Plea Statement, ECF pp. 2 - 4.) The record establishes that

Mr. Englert was satisfied with Attorney Ryan's representation and that the PCRA

court's determination that counsel was not ineffective with respect to Mr. Englert's

decision to plead *nolo contendere* is clearly supported by the record.

Accordingly, trial counsel did not perform deficiently by advising Mr. Englert of

the meaning of entering a plea of *nolo contendere*, or that had he better understood

the meaning of such a plea Mr. Englert would have elected to proceed to trial rather

than take the plea which guaranteed him a lower minimum sentence than if he

proceeded to trial and was found guilty of the many charges he was facing.  Having

determined that trial counsel's performance was not deficient, the court need not

reach the prejudice prong.  *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Accordingly, PCRA counsel could not be ineffective for failing to raise a meritless

claim.  In sum, Mr. Englert is not entitled to relief on the basis of any of the above-

referenced ineffective-assistance claims. "  *See Martinez*, ____ U.S. at ____, 132

S.Ct. at 1318 - 19.


   **(ii)**  **Mr. Englert's Claim of Actual Innocence Based on His Expert's Report that the Operator of the Other Boat Caused Accident**

Mr. Englert's final claim is that he is actually innocent of the offenses of which

he was convicted[11] "which is proven by the expert - accident reconstruction report.

(Doc. 11, Reply.)

---

  [11] Mr. Englert has always maintained his innocence through out his PCRA proceedings.  At his PCRA hearing he reiterated his position.

> I don't know why I get locked up for something that clearly I didn't do.

Doc. 21-6, ECF p. 24.

> Currently, the Supreme Court treats actual innocence as a
> gateway for consideration of procedurally defaulted claims.
> *See McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924,
> 185 L.Ed.2d 1019 (2013); *Schlup v. Delo*, 512 U.S. 298,
> 327 - 29, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (requiring
> a showing "that it is more likely than not that a reasonable
> juror would have convicted [the petitioner] in light of the
> new evidence.") The Supreme Court has not yet
> recognized the existence of a freestanding claim of actual
> innocence.  *See McQuiggin*, 133 S.Ct. at 1931; *cf. In re
> Davis*, 557 U.S. 952, 130 S.Ct. 1, 174 L.Ed.3d 613 (2009).

*Wright v. Supt. Somerset SCI*, No. 13-3920, 2015 WL 468880, *3 (3d Cir. Feb. 5, 2015).  However, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray v. Carrier*, 477 U.S. at 496, 106 S.Ct. at 2649, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards*, 529 U.S. at 451, 120 S.Ct. at 1591; *Wenger v. Frank*, 266 F.3d at 224.  The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649.  A petitioner establishes actual innocence by asserting "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339 - 40 (3d Cir. 2004).

-30-

Here, assuming in arguendo that Mr. Englert could make a freestanding claim of actual innocence, his claim is without merit. *McQuiggin*, ____ U.S. at ____, 133 S.Ct. at 1931 ("We have not resolved whether a prisoner may be entitled to habeas releif based on a freestanding claim of actual innocence."). As previously addressed, no constitutional error occurred in the plea process that would render his plea unknowing or involuntary. Further, he does not come forward with any new scientific evidence for the court to consider his actual innocence claim. The expert report on which Mr. Englert relies,[12] is not new. The expert report, as admitted by Mr. Englert during the course of his PCRA hearings, was available to him prior to the entry of his *nolo contendere* plea. He concedes his plea counsel, Attorney Ryan, discussed both the Commonwealth's and his expert's findings with him. Because Mr. Englert fails to present "new reliable evidence," as defined in *Schlup*, to demonstrate a credible claim of actual innocence, he is not entitled to pass through the *Schlup* gateway. Mr. Englert is not entitled to relief on his claim of actual innocence.

## V.     Conclusion

Based on the foregoing, the court will deny Mr. Englert's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of

---

[12]  The court notes that neither party presented Mr. Englert's expert report to the court for review. This fact does not impede our ability to address Mr. Englert's actual innocence claim.

appealability.  *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2).  A court may

issue a certificate of appealability only when a petitioner makes a "substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This

showing is satisfied when the petitioner demonstrates "that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists

could conclude the issues presented are adequate to deserve encouragement to

proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034,

154 L.Ed.2d 931 (2003).  The court has concluded that the instant Petition does not

warrant habeas relief.  Reasonable jurists would not find this conclusion to be

debatable.  Accordingly, the court will not issue a certificate of appealability because

Mr. Englert has not made a substantial showing of the denial of his constitutional

rights.  *See Slack v. McDaniel*, 529 U.S. 473, 483 - 84, 120 S.Ct. 1595, 1603 - 04,

146 L.Ed.2d 542 (2000).

Mr. Englert is advised that he has the right for thirty (30) days to appeal this

court's order denying his § 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P.

4(a)(1)(A), and that the court's denial of a certificate of appealability does not

prevent him from doing so, as long as he also seeks a certificate of appealability

from the Third Circuit Court of Appeals.  *See* Fed. R. App. P. 22; Local Rule of App.

P. 22.1.

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: May 26, 2015**